UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

TEAMSTERS LOCAL 251 HEALTH        :
SERVICES AND INSURANCE PLAN,      :
By and through TAMMY BEAUDREAULT, :
in her official capacity          :
as Fund Administrator,            :
         Plaintiff,                :
                                        :
                                        :
      v.                                :  C.A. No.
                                        :
DIGREGORIO CONCRETE CORP., INC.   :
         Defendant.                :
                                        :

## COMPLAINT

Introduction

1.    This is an action to compel payment of contributions, interest, and penalties to an employee welfare benefit plan pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 et seq.

Parties and Jurisdiction

2.    Teamsters Local 251 Health Services and Insurance Plan ("Local 251 HSIP" or "the Fund") is a multi-employer benefit plan within the meaning of ERISA, 29 U.S.C. §§1002(1) and (37).

3.    Plaintiff Tammy Beaudreault is the Fund Administrator.

4.    Defendant DiGregorio Concrete Corp., Inc. ("DiGregorio") is a corporation organized under the laws of State of Rhode Island, having its principal place of business in Smithfield, Rhode Island. Defendant is an "employer" within the meaning of Sections 3(5) and

515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145 and has the requisite minimum contacts with the State of Rhode Island.

5. Teamsters Local 251 ("the Union") is a labor organization within the meaning of Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185, which represents employees in an industry affecting commerce as defined in 29 U.S.C. § 142. The Union maintains its office in East Providence, Rhode Island.

6. This Court has jurisdiction pursuant to 29 U.S.C. §§ 1331 and 1367, and by Section 502(e)(1) and (f) of ERISA, 29 U.S.C. §§ 1132(e)(1) and (f), and by Section 301 of the LMRA, 29 U.S.C. § 185 (a).

7. Venue properly lies in this district under Section 502(e)(2) and (f) of ERISA, 29 U.S.C. § 1132(e)(2) and (f), and by Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

Facts

8. Local 251 HSIP was established to provide various types of benefits, including medical, life, and disability, to eligible participants. It is administered by a Board of Trustees consisting of management and Union trustees.

9. Benefits, as aforesaid, are financed in part by employer contributions. The contribution rate is set by the collective bargaining agreement between the Union and each employer.

10. The rights and obligations of the Fund and each employer are set forth in the Agreement and Declaration of Trust ("Trust Agreement").

11. The Trust Agreement provides, in relevant part, that each employer shall submit timely payroll reports of contributions, promptly pay contributions, and pay penalties and interest when in default.

12. Defendant and the Union have been, at all relevant times, parties to and bound by a collective bargaining agreement ("CBA") which provides that Defendant shall comply with the terms of the Trust Agreement. The current CBA covers the period May 1, 2014 through April 30, 2017.

13. Section 515 of ERISA, 29 U.S.C. § 1145, requires every employer who is obligated to make contributions to a multi-employer plan under the terms of a collective bargaining agreement to make such contributions in accordance with the terms and conditions of such plan and such agreement.

14. Under Article XIX, Section (a) of the CBA,

> commencing with the 1st day of May 2014 and for the duration of the current Collective Bargaining Agreement… the Employer agrees to make payments to the Teamsters' Local Union No. 251 Health Services and Insurance Plan for each and every employee performing work with the scope of and/or covered by this Collective Bargaining Agreement, whether such employee is a regular, probationary, temporary, or casual employee, irrespective of his status as a member or non-member of the Local Union from the first hour of employment subject to this Collective Bargaining Agreement [in the amounts hereinafter set forth].

15. Article XIX, Section (b) of the CBA provides, "if an employee is injured on the job, the Employer shall continue to pay the required contributions until such employee returns to work, provided however, such contributions shall be forty (40) hours per week and shall not be paid for a period of more than twelve (12) months."

16. David Swistak is an employee of DiGregorio.

17. Swistak performs covered work within the meaning of the CBA.

18. On or about May 3, 2015, Swistak sustained a work-related injury while performing covered work for DiGregorio. He became incapacitated as a result of the injury on August 3, 2015.

19. Swistak has been collecting workers' compensation benefits in accordance with a Memorandum of Agreement since August 3, 2015.

20. During the period August 3, 2015 to the present, DiGregorio has failed and refused to submit contributions to the Fund on behalf of Swistak.

21. By the aforesaid acts and omissions, Defendant has violated ERISA, 29 U.S.C. §1132(a)(3) and §1145.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

(1) Award the Fund the following amounts:

    a. unpaid contributions;

    b. interest on unpaid contributions at the rate of 1.5% per month;

    c. liquidated damages in an amount equal to the greater of interest on the unpaid contributions or 20% of the unpaid contributions; and

    d. all costs and reasonable attorneys' fees incurred by the Fund in connection with this action; and

(2) Order such other and further relief as this Court deems just and proper.

Dated: December 10, 2015

Respectfully submitted,
On behalf of Plaintiff,
By its attorney,


/s/ Elizabeth Wiens
Elizabeth A. Wiens, Esq. (#6827)
GURSKY | WIENS Attorneys at Law, Ltd.
420 Scrabbletown Rd., Ste. C
North Kingstown, RI 02852
Tel.(401) 294-4700
Fax (401) 294-4702
ewiens@rilaborlaw.com